[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#205)
I
A decree of dissolution was entered in this matter on May 28, 1982 (Novack, J.). Since the date of the dissolution, the defendant has continued to reside in Illinois. Shortly after the dissolution was entered, the plaintiff moved from this state and presently resides in Massachusetts.
The minor child is presently 13 years of age. The child has lived outside this state since shortly after the dissolution in May 1982. Under the Uniform Child Custody Jurisdiction Act, (UCCJA), Connecticut would not be the child's home state for purposes of modification of the custody and/or orders entered CT Page 9072 in the decree of May 1982. Further, there is not available in this state, substantial evidence concerning the child. Sections 46b-92, 46b-93.
The UCCJA is determinative of the forum in which to hear modification of custody and/or visitation. Connecticut is clearly an inappropriate forum.
The motion to dismiss with respect to the motion for a visitation study is granted.
 II
There is no doubt that this court had jurisdiction over the defendant in entering judgment at the time of dissolution. The general rule in Connecticut that personal jurisdiction once acquired, is not lost or divested by subsequent events or actions of the parties. Broadman v. Broadman, 135 Conn. 124. There is a concept of continuing jurisdiction in the Superior Court for purposes of modification and perhaps without regard to where the parties thereafter may move. Spalding v. Spalding,171 Conn. 220.
This court has power to provide for the support of children not only when a decree is entered, but at any time. Sections 46b-56, 46b-84, 46b-86 C.G.S.A.
The court had jurisdiction over the defendant in the dissolution proceeding. The defendant has had actual notice of the pending of these motions, as the defendant was directly and personally served in Illinois with the application and order of notice and copies of the motions as ordered by the court.
Even if the Connecticut Court is unable to enforce a contempt motion against an out of state defendant, the parties are not precluded from bringing a Motion For Modification of the Connecticut decree as to orders of alimony and child support.
The motion to dismiss is denied as to the Motion For Modification and Contempt.
COPPETO, J.